RANDY TANNER
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E. Front, Suite 401
Missoula, MT  59802
Phone:  (406) 542-8851
FAX:  (406) 542-1476
E-mail:  randy.tanner@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24- 4  -M- DWM |
| Plaintiff, | |
| vs. | OFFER OF PROOF |
| OTHEL LEE PEARSON, | |
| Defendant. | |

## THE CHARGE

The defendant, OTHEL LEE PEARSON, is charged by information with

two counts: Count 1: Tampering with Evidence, in violation of 18 U.S.C.

§ 1512(c)(1), and Count 2: Failure to Report Taking of Grizzly Bear, in violation

of 16 U.S.C. § 1538(a)(1)(G) and 50 C.F.R. § 17.40(b)(1)(i)(B).

1

## PLEA

The defendant, OTHEL LEE PEARSON, will enter a voluntary plea of guilty to the two counts in the information. The motion for change of plea filed with the Court represents, in the government's view, the most favorable disposition of the case against the defendant. *See, e.g.*, *Missouri v. Frye*, 132 S. Ct. 1399 (2012).

## ELEMENTS

The defendant will plead guilty because he is guilty of the two counts contained in the information. In pleading guilty, the defendant acknowledges that:

**Count 1—Tampering with Evidence, in violation of 18 U.S.C. § 1512(c)(1)**

**First,** the defendant altered, destroyed, mutilated or concealed an object, or attempted to do so, identifying a grizzly bear killed by the defendant;

**Second,** the defendant acted knowingly;

**Third,** the defendant acted corruptly; and

**Fourth,** the defendant acted with the intent to impair the object's integrity and availability for use in an official proceeding, specifically the criminal prosecution for the unlawful grizzly bear killing.

**Count 2—Failure to Report Taking of Grizzly Bear**

**First,** the defendant took a grizzly bear by killing it;

**Second**, the taking was in self-defense or in the defense of others; and

**Third**, neither the defendant nor the defendant's designee reported the killing within 5 days of occurrence to the Resident Agent in Charge, Office of Law Enforcement, U.S. Fish and Wildlife Service, 2900 4th Avenue North, Suite 301, Billings, MT 59101 (406–247–7355).

**In order to prove the Forfeiture Allegation:**

The government would prove by a preponderance of the evidence that the items referenced in the information and plea agreement constitute property subject to forfeiture pursuant to 16 U.S.C. § 1540(e)(4)(B).

Specifically, the items to be forfeited are:

.270 Winchester Model 70 Featherweight, bolt-action rifle, serial number 349302, equipped with a Weaver K4 scope.

## PENALTY

Count 1 charges the crime of Tampering with Evidence, in violation of 18 U.S.C. § 1512(c)(1). This offense carries a maximum term of imprisonment of 20 years, a $250,000 fine, a $100 special assessment, and not more than three years of supervised release.

Count 2 charges the crime of Failure to Report Taking of Grizzly Bear, in violation of 16 U.S.C. § 1538(a)(1)(G) and 50 C.F.R. § 17.40(b)(1)(i)(B). This offense carries a maximum term of 6 months imprisonment, a $25,000 fine, and a $10 special assessment.

3

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On or about November 19, 2020, Mr. Pearson shot and killed a sow grizzly bear on his residential property, using the .270 rifle referenced above in relation to the forfeiture allegation. Mr. Pearson cut a GPS collar that had been fitted to the bear and discarded the collar nearby in the Yaak River. Mr. Pearson also cut paws, ear tags, and an identifying lip tattoo from the bear carcass. Mr. Pearson concealed claws from the bear, as well as an ear tag, in a hollowed-out tree on National Forest System land near his residence. Meat from the bear was discovered in Mr. Pearson's freezer inside his home. Mr. Pearson attempted to and did tamper with these identifying objects in order to impair the criminal prosecution for the unlawful killing of the grizzly bear.

Mr. Pearson did not report the killing of the grizzly bear to the United States Fish & Wildlife Service within 5 days of occurrence.

The United States would have presented this evidence through the testimony of law enforcement and lay witnesses.

4

DATED this 22ⁿᵈ day of January.

JESSE A. LASLOVICH
United States Attorney


RANDY TANNER
Assistant U.S. Attorney