**RANDY TANNER**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**101 E. Front, Suite 401**
**Missoula, MT   59802**
**Phone:   (406) 542-8851**
**FAX:   (406) 542-1476**
**E-mail:   randy.tanner@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**OTHEL LEE PEARSON,**<br><br>Defendant. | CR 24-4-M-DWM<br><br><br>**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADINGS** |

The United States moves for leave to file an Amended Information, Amended Plea Agreement, and Amended Offer of Proof. *See* Fed. R. Crim. P. 7(e). The United States requests to file these amended pleadings in response to the Court's January 23, 2024 text order concerning the second element of Count 2. (*See* Doc. 10.) Defendant Othel Pearson does not oppose the motion.

1

**BACKGROUND**

On January 22, 2024, the United States filed the Information, Motion for Summons, Plea Agreement, and Offer of Proof. (Docs. 1–5.) The summons was issued on January 23, 2024. (Doc. 8.) Pearson's arraignment and change of plea hearing are both scheduled for February 15, 2024. (Docs. 8–9.) On January 23, 2024, the Court issued a text notice reading, "Upon review of the Plea Agreement (Doc. 4) and the Offer of Proof (Doc. 5), the Court questions whether the second element of Count 2 is accurately stated." (Doc. 10.)

**ANALYSIS**

Rule 7(e) provides: "Unless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding." Here, in response to the Court's January 23, 2024 text order, the United States proposes two changes to the Information, Offer of Proof, and Plea Agreement in order to clarify the second element of Count 2 and, relatedly, the fourth element of Count 1. These changes do not result in additional or different offenses being charged, so amendment of these documents is permitted under Rule 7(e).

Count 2 charges Pearson with Failure to Report Taking of Grizzly Bear, in violation of 16 U.S.C. § 1538(a)(1)(G) and 50 C.F.R. § 17.40(b)(1)(i)(B). The regulation provides:

> Grizzly bears may be taken in self-defense or in defense of others, but such taking shall be reported by the individual who has taken the bear or his designee within 5 days of occurrence to the Resident Agent in Charge, Office of Law Enforcement, U.S. Fish and Wildlife Service, 2900 4th Avenue North, Suite 301, Billings, MT 59101 (406–247–7355), . . . .

50 C.F.R. § 17.40(b)(1)(i)(B). The statute, 16 U.S.C. § 1538(a)(1)(G), makes it a crime to violate this regulation.

Based on this regulation, the second element of Count 2, as stated in the original Offer of Proof and Plea agreement, is: "**Second**, the taking was in self-defense or in the defense of others." (Doc. 4 at 3; Doc. 5 at 3.) The United States expects Pearson to testify he killed the grizzly bear in self-defense or in the defense of others, which is why the United States charged Count 2 as it did in the original pleadings. Presently, the question of whether a taking was in self-defense is governed by a subjective standard. *See United States v. Charette*, 893 F.3d 1169, 1175 (9th Cir. 2018); *United States v. Wallen*, 874 F.3d 620, 630–34 (9th Cir. 2017).

While it is illegal to not timely report the taking of a grizzly bear in self-defense or in defense of others, it is also illegal to not report a grizzly bear taken "unlawfully." *See* 50 C.F.R. § 17.40(b)(1)(ii)(A). Section 17.40(b)(1)(ii)(A) provides:

> Any unlawful taking of a grizzly bear shall be reported within 5 days of occurrence to the appropriate U.S. Fish and Wildlife Service law enforcement office, as indicated in paragraph (b)(1)(i)(B) of this

3

section, and to appropriate State and Tribal authorities.

Thus, whether an individual takes a grizzly bear (1) in self-defense or in the defense of others or (2) unlawfully, under either scenario the taking must be reported to authorities within 5 days of the taking.

The United States and Pearson agree, as evidenced in the Plea Agreement and proposed Amended Plea Agreement, that Pearson did not report the taking of the grizzly bear at issue in this case to authorities within 5 days, as required under 50 C.F.R. § 17.40(b)(1), regardless of whether the taking was in self-defense or otherwise unlawful.

### A. Proposed Amendment—Count 2

Bearing in mind the Court's notice, the United States proposes to amend the second element of Count 2 to read: "**Second**, the taking was (1) in self-defense or in the defense of others (50 C.F.R. § 17.40(b)(1)(i)(B)) or (2) unlawful (50 C.F.R. § 17.40(b)(1)(ii)(A))." This amendment makes clear that regardless of the manner of taking—whether in self-defense or unlawfully—an individual violates 50 C.F.R. § 1740(b)(1) if he fails to report the taking to authorities within 5 days.

### B. Proposed Amendment—Count 1

The second amendment is proposed to clarify the fourth element of Count 1. Count 1 charges Pearson with tampering with evidence under 18 U.S.C. § 1512(c)(1). The fourth element currently reads: "**Fourth**, the defendant acted with

the intent to impair the object's integrity and availability for use in an official proceeding, specifically the criminal prosecution for the unlawful grizzly bear killing." (Doc. 4 at 3; Doc. 5 at 2.)

To more precisely identify the prosecution at issue with Count 1, the United States proposes the following amendment to the fourth element: "**Fourth**, the defendant acted with the intent to impair the object's integrity and availability for use in an official proceeding, specifically the criminal prosecution of the offense in Count 2, below."

## CONCLUSION

Both the United States and Pearson agree to the filing of the attached amended pleadings. The United States asks that it be permitted to file these documents. *See* Fed. R. Crim. P. 7(e).

DATED this 8th day of February 2024.

JESSE A. LASLOVICH
United States Attorney


/s/ Randy Tanner
RANDY TANNER
Assistant U.S. Attorney