FILED

FEB 12 2024

Clerk, U.S. Courts
District of Montana
Missoula Division

**RANDY TANNER**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E. Front, Suite 401
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
E-mail: randy.tanner@usdoj.gov

**ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**OTHEL LEE PEARSON,**<br><br>Defendant. | CR 24-4-M-DWM<br><br>**AMENDED PLEA AGREEMENT**<br>Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure* |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Randy Tanner, Assistant United States Attorney for the District of Montana, and the defendant, Othel Lee Pearson, and the defendant's attorney, Bryan Tipp, have agreed upon the following:

AUSA    DEF    ATTY    Date    Page 1

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to the two counts in the information, which charge: Count 1: Tampering with Evidence, in violation of 18 U.S.C. § 1512(c)(1), and Count 2: Failure to Report Taking of Grizzly Bear, in violation of 16 U.S.C. § 1538(a)(1)(G) and 50 C.F.R. § 17.40(b)(1)(i)(B), (b)(1)(ii)(A). Count 1 carries a maximum term of imprisonment of 20 years, a $250,000 fine, up to three years of supervised release, and a $100 special assessment. Count 2 carries a maximum term of imprisonment of six months, a $25,000 fine, and a $10 special assessment. The defendant will also admit the forfeiture allegation.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) does not bring charges as outlined in ¶ 12; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and the United States does not bring charges as outlined in ¶ 12, there will not be an automatic right to withdraw the

plea, even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the two counts contained in the information. In pleading guilty, the defendant acknowledges that:

**Count 1—Tampering with Evidence, in violation of 18 U.S.C. § 1512(c)(1)**

**First,** the defendant altered, destroyed, mutilated or concealed an object, or attempted to do so, identifying a grizzly bear killed by the defendant;

**Second,** the defendant acted knowingly;

**Third,** the defendant acted corruptly; and

**Fourth,** the defendant acted with the intent to impair the object's integrity and availability for use in an official proceeding, specifically the prosecution of the offense in Count 2, below.

**Count 2—Failure to Report Taking of Grizzly Bear, in violation of 16 U.S.C. § 1538(a)(1)(G); 50 C.F.R. § 17.40(b)(1)(i)(B), (b)(1)(ii)(A)**

**First,** the defendant took a grizzly bear by killing it;

**Second,** the taking was (1) in self-defense or in the defense of others (50 C.F.R. § 17.40(b)(1)(i)(B)) or (2) unlawful (50 C.F.R. § 17.40(b)(1)(ii)(A)); and

**Third,** neither the defendant nor the defendant's designee reported the killing within 5 days of occurrence to the Resident Agent in Charge,

Office of Law Enforcement, U.S. Fish and Wildlife Service, 2900 4th Avenue North, Suite 301, Billings, MT 59101 (406–247–7355).

**5.** **Waiver of Rights by Plea:**

(a) The defendant is entitled to have Count 1 outlined in paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent, and the Court must approve a non-jury trial.

(e) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would

have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(h) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(j) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(k) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States and the defendant will jointly recommend the defendant be sentenced to a 3-year term of probation and imposition of an $8,000 fine.

The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.

The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waiver of Appeal of the Sentence – General:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver

does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

9.  **Detention/Release After Plea:** The United States agrees that it will not move for detention but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

10. **Forfeiture:** The following property is subject to forfeiture as a result of the criminal conviction in this matter. The defendant agrees to abandon all right title and interest in the property: .270 Winchester Model 70 Featherweight, bolt-action rifle, serial number 349302, equipped with a Weaver K4 scope, seized from defendant's residence at 352 Renee Lake Road, Troy, MT, on December 16, 2020. The defendant further consents to the entry of a Preliminary and Final Order of Forfeiture, pursuant to Fed. R. Crim. P. Rule 32.2; to waive any rights to notice of forfeiture and to pronouncement of forfeiture at sentencing; and/or agrees to



| AUSA | DEF | ATTY | Date | Page 8 |

execute a release and waiver of any interests, if any, of seized assets not forfeited, transferring the property to the United States.

11. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

12. **Non-Prosecution:** As part of this plea agreement, and in exchange for a guilty plea to the information by the defendant, the United States agrees to not prosecute Marcia Pearson for any conduct in connection with the taking of the grizzly bear at issue in the information. Moreover, as part of this plea agreement, and in exchange for the United States' recommendations, the defendant agrees to cooperate and share information with the United States regarding the skull of a second grizzly bear discovered on National Forest System lands near the defendant's property. The United States further agrees to not prosecute the defendant or Marcia in connection with this second grizzly bear if the defendant offers truthful information and cooperation regarding the second grizzly bear.

13. **Breach:** If the defendant breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the United States may prosecute the defendant for any counts dismissed or not charged pursuant to this plea agreement. Additionally, the

United States may use any factual admissions made by the defendant pursuant to this plea agreement in any such prosecution.

14. **Waiver of Objection to Allocution Use in the Event of Withdrawal of Guilty Plea:** The defendant further agrees that any statements made by the defendant or on the defendant's behalf in the change of plea proceedings in this matter may be used against the defendant at a trial on the merits should the guilty plea be withdrawn. The defendant expressly waives any objection to such use under Rule 410, Federal Rules of Evidence, and Rule 11(f), Federal Rules of Criminal Procedure if the defendant successfully withdraws the plea entered pursuant to this agreement.

15. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

///

///

///

///

///

AUSA   DEF   ATTY   Date   Page 10

///

This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

JESSE A. LASLOVICH
United States Attorney

_____
RANDY TANNER
Assistant U. S. Attorney
Date: 2/8/24

_____
OTHEL LEE PEARSON
Defendant
Date: 2/8/24

_____
BRYAN C. TIPP
Defense Counsel
Date: 2/8/2024