**RANDY TANNER**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**101 E. Front, Suite 401**
**Missoula, MT  59802**
**Phone:  (406) 542-8851**
**FAX:  (406) 542-1476**
**E-mail:   randy.tanner@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **OTHEL LEE PEARSON,** Defendant. | **CR 24-4-M-DWM** **SENTENCING MEMORANDUM** |

The defendant pleaded guilty to Tampering with Evidence, in violation of 18 U.S.C. § 1512(c)(1), (Count 1) and Failure to Report Taking of Grizzly Bear, in violation of 16 U.S.C. § 1538(a)(1)(G) and 50 C.F.R. § 17.40(b)(1)(i)(B), (Count 2). PSR ¶¶ 1–6. He has a criminal history category I and a total offense level of 13. PSR ¶¶ 26–35, 40. This results in a guideline range of 12 to 18 months of

imprisonment. PSR ¶ 65. The United States and defendant jointly recommend a sentence of three years of probation and an $8,000 fine. The United States will not have witnesses at the sentencing hearing. Pearson asserts one objection, discussed below, requesting a change to the conditions of supervised release, which the United States does not oppose.

## ARGUMENT

**Sentencing Analysis:**

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;
- promote respect for the law;
- provide just punishment for the offense;
- afford adequate deterrence to criminal conduct;
- protect the public from further crimes of the defendant; and,
- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, subsection (1) of § 3553(a) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the

defendant; subsection (3) requires the Court to consider the kinds of sentences available; subsections (4), (5), and (6) require the Court to consider the sentencing guidelines and policy statements, and to avoid unwarranted sentencing disparity; and subsection (7) requires the Court to provide restitution to victims.

**Recommendation:**

The United States and the defendant jointly recommend a sentence of three years of probation and an $8,000 fine, which would be a variance from the Guidelines range. To be sure, the defendant's killing of the grizzly bear and his subsequent efforts to conceal the killing are serious offenses, especially considering the sensitivity of the Cabinet-Yaak grizzly bear population. Nevertheless, the United States maintains that the recommended sentence is a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a)(2).

The United States does not typically charge grizzly bear takings as felonies but instead charges them as a failure to report the taking (a misdemeanor), given the United States' evidentiary burden on a takings charge. *See, e.g.*, *United States v. Charette*, 893 F.3d 1169, 1175 (9th Cir. 2018) (holding the question of whether a taking was in lawful self-defense is governed by a subjective standard); *United States v. Wallen*, 874 F.3d 620, 630–34 (9th Cir. 2017) (same).

Here, though, the defendant's conduct resulted in a felony on account of his efforts to tamper with evidence related to the grizzly bear killing. To the defendant's credit, however, he readily agreed to plead to the felony charge and did not contest the charge. The defendant evidenced clear contrition, and the United States took that into consideration when agreeing to the recommended sentence. What is more, the United States has also taken into account the defendant's age (80 years old) in making its recommendation.

The defendant no longer lives at the residence where he killed the grizzly bear and has purportedly sold or otherwise ridded himself of all firearms he owned at the time of the killing. As a felon, he will also be prohibited from owning or possessing a firearm. Consequently, there appears to be minimal need to protect the public from further or similar crimes by the defendant.

Given these considerations, the United States recommends a variance from the Guidelines range—a sentence of three years of probation and an $8,000 fine.

**Pearson's Objection:**

Pearson objects to the inclusion of the full-time work condition in the conditions of supervised release. (PSR, page 18, ¶ 7.) That condition requires Pearson to work full time, unless he is excused from doing so. Pearson objects to this condition, contending the condition has no nexus to the offenses at issue in this case, Pearson has the ability to pay a fine, and Pearson has now been retired for

several years. The United States does not object to the deletion of this condition but is also mindful of the Probation Office's response that, even if the provision remains, the Probation Office retains discretion to excuse Pearson from full-time work.

DATED this 17th day of May 2024.

JESSE A. LASLOVICH
United States Attorney

/s/ Randy Tanner
RANDY TANNER
Assistant U.S. Attorney