Sarah M. Lockwood
Bryan Charles Tipp
TIPP COBURN LOCKWOOD PC
2200 Brooks Street
Missoula, MT 59806
Phone: (406) 549-5186
Facsimile: (406) 412-0956
sarah@tippcoburn.com
bryan@tippcoburn.com

*Attorneys for Othel Lee Pearson*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>OTHEL LEE PEARSON,<br><br>Defendant. | Case No. CR 24-4-M-DWM<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Defendant Othel Lee Pearson (hereafter "Othel"), through his counsel of record, Sarah M. Lockwood of TIPP COBURN LOCKWOOD PC, hereby respectfully files this memorandum in anticipation of his sentencing hearing on June 11, 2024 at 11:00 a.m.

I.   **Introduction**

Othel comes before the Court for sentencing on one count of Tampering with Evidence, in violation of 18 U.S.C. § 1512(c)(1), a felony,

DEFENDANT'S SENTENCING MEMORANDUM

1

and one count of Failure to Report Taking of Grizzly Bear, in violation of 16 U.S.C. § 1538(a)(1)(G) and 50 C.F.R. § 17.40(b)(1)(i)(B), a misdemeanor. Othel is 80 years young and these are his first criminal convictions.

The Presentence Investigation Report (hereafter "PSR") determined Othel's base offense level to be 14. PSR at ¶ 26; USSG §2J1.2(a). The PSR applies a two-level increase pursuant to USSG §2J1.2(b)(3)(B), reflecting that the offense "involved the selection of any essential or especially probative record, document, or tangible object, to destroy or alter." PSR at ¶ 27.

The current PSR calculation results in an advisory guidelines range of 12–18 months imprisonment. Because Mr. Pearson is in Zone C of the sentencing table, he is ineligible for probation pursuant to the guidelines, USSG § 5B1.1. PSR at ¶ 65. The probation portion of the requested sentence would require the Court to vary from the guidelines, but such sentence would be permissible by statute.

According to the PSR, Othel also receives a two-level reduction for acceptance of responsibility under USSG §3E1.1(a) and another one-level reduction for acceptance of responsibility pursuant to USSG §3E1.1(b).

## II.     PSR Objection

There is one outstanding objection for the Court to consider. Othel objects to the standard condition of supervision requiring him to maintain full time employment at the discretion of his supervising officer. PSR pg. 17 ¶ 7. This condition has no nexus to the offense and is unnecessary since Othel has the financial ability to pay a fine and he has already been retired from the workforce for more than 26 years. PSR ¶ 59.  The Government concurs with Othel's objection but the PSR writer does not. Doc 35 at pg. 5. Although this is a standard condition, there is no reason to leave the decision up to the United States Probation Officer when the condition has no connection to the offense conduct or the policy goals promulgated by 18 USC § 3553(a) and/or the sentencing guidelines.

For the following reasons, Othel respectfully requests that the Court impose a sentence of three (3) years of probation and the imposition of an $8,000.00 fine, which is the joint recommendation of the parties in this matter.

//

//

//

### III. <u>Argument</u>

**A. The Court should adopt the Plea Agreement and the joint recommendation of the parties because such sentence is supported by the 18 USC § 3553(a) factors.**

This Court is tasked to "impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing, including "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc); *Kimbrough v. United States*, 128 S.Ct. 558, 571 (2007); 18 U.S.C. 3553(a).

Sentencing courts shall also consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victims of the offense. § 3553(a)(1), (3), and (6)-(7).

**B. Othel is a first-time offender and has lived an honorable and law-abiding life.**

Othel's history and characteristics are the strongest factor supporting the joint-sentence recommendation. Othel has lived his life as a model

citizen from the time he was a juvenile, first excelling in academics and high school sports, ultimately earning a college scholarship to play football. PSR at ¶ 56. From his time playing football in 1963, Othel still holds the record at Sacramento State College for the longest interception return for a touchdown. PSR at ¶ 46.

Othel went on to coach youth sports and worked as a college professor until his retirement. Othel received three National Endowment to the Humanities Scholarships. Doc 37-1 pg. 10 ¶ 3. Of all of his accolades, surely Othel is most proud to be a devoted family man who has raised four successful children with his beloved wife of 62 years, Marcia. PSR at ¶ 47. Shining through in all of the letters the Court received on behalf of Othel is the sentiment that Othel is beloved by his family and friends, and he shows them all extraordinary kindness. For instance, Othel and Marcia dropped everything to help care for their grandson when their daughter was diagnosed with cancer. Doc 37-1 pg. 2-3, 9 ¶ 4.

Othel and Marcia's son, a physician, suffers from late-stage multiple sclerosis. Doc 37-1 pg. 4 ¶ 5; 6 ¶ 3; 10 ¶ 1. Othel stepped up to take their grandkids on outdoor adventures during the summers when their father could no longer join them in such activities. Doc 37-1 pg. 4 ¶ 5; 6 ¶ 3; 10 ¶ 1.

Mr. Irvin Ridgley writes in his letter to the Court that Othel was a respected educator and coach who treated his athletes the same "regardless of talent." Doc 37-1 pg. 1¶ 1. Mr. Ridgley speaks as a former Department of Corrections Officer and Correctional Counselor over a 16-year period, and definitively says that based on this experience, a sentence of incarceration will not benefit Othel, or society. Doc 37-1 pg. 2 ¶ 3.

When corroborating Othel's employment history, the PSR writer obtained a letter in Othel's employment file from Round Valley High School, dated December 1, 1966. The letter proclaims, "Mr. Pearson proved himself to be the one-in-a-thousand teacher that we are all looking for."

A respected educator and devoted husband, Othel once saved Marcia's life during a housefire by helping her safely exit the burning building using a rope hung from the second story window. Doc 37-1 pg. 10 ¶ 2. The fire destroyed their off-grid cabin in the Sierra Nevada mountains. *Id.* Bravery is a definite character trait defining Othel.

Jennifer Higgins is a family friend of Othel's and mentions that he is a kind person who is always willing to lend a hand, helping Jennifer with chores when she was laid up after surgery. Doc 37-1 pg. 13 ¶ 3.

DEFENDANT'S SENTENCING MEMORANDUM

The unwavering support he shows to his children, grandchildren and neighbors indicates that a sentence of imprisonment would negatively affect those who routinely rely on his kindness and assistance.

Othel has also suffered from his fair share of medical issues. PSR at ¶¶ 51–53. Because Othel is 80-years-old and suffers from ongoing medical complications, if he were sentenced to a term of imprisonment the Bureau of Prisons (hereafter "BOP") would likely consider him as an *Elderly Inmate*: frail elderly/elderly offender. *Exhibit A*, Bureau of Prisons Program Statement 5241.01, Management of Aging Offenders, April 14, 2022 pg. 2. The current protocol for management of elderly inmates involves special programming focused on accommodations, and more frequent assessments for Reduction in Sentence eligibility. *Id.* at pg. 6. This is mentioned to highlight that BOP policies recognize the fragility of offenders in this category and their policies are geared toward stepping them out of custody at a greater rate than the general population.

C. **The circumstances of the offense resulted from a tragic and random circumstance which cannot be expected to occur again.**

No man wants to face down an apex predator at their doorstep. Othel acted in defense of himself and his wife not because he wanted to kill the bear, but because he felt he had no other choice. A massive grizzly bear

banging down his door and lying in wait to attack resulted in an unthinkable circumstance for Othel. His actions after killing the bear in self-defense resulted in his criminal conduct for which he is fully accountable.

Othel's neighbor, Jeffrey A. Hintz, summed up Othel's situation succinctly in his letter to the Court, "My belief is the actions he took on that night evolved from a true fear of a threat to his family and home. The actions he took after the event were his only real crime." Doc 37-1 pg. 7 ¶ 4.

To prevent something like this from ever happening again, Othel has moved out of the forest and now lives in downtown Troy, Montana. He no longer has to carry a weapon to safely use the outhouse at night, or turn off the generator alone as he crunches through the snow trying to tune in for any threats with just one working ear. PSR ¶ 51. Tessa, Othel's granddaughter, writes to the Court that these changes have been positive for Othel, "his life has become very domesticated and calm" and he occupies his time with gardening and long walks with Marcia. Doc 37-1 pg. 19 ¶ 6.

Othel's criminal acts were not borne of premeditation or malice, but out of fear and ignorance of the responsibilities he owed to the community upon killing a protected species. Othel has never been one to turn to the government for help with things that happen on his private property. The random circumstances which precipitated Othel's offenses cannot be

expected to occur again, especially with the great lengths Othel and Marcia have gone through to change their lifestyle and residence.

### D. The requested sentence promotes respect for the law, provides just punishment and will result in specific and general deterrence.

Othel had lived in the Yaak wilderness for over 30 years before he was forced to grapple with a deadly predator at his doorstep. This circumstance resulted in Othel and Marcia selling their property and moving to the City. This drastic move away from the home they knew for decades, and from bear country, shows that Othel has taken serious, life-altering, steps to avoid another bear encounter in the future.

The fact that Othel is facing 20 years and 6 months in prison for these offenses serves as general deterrence, even if the Court grants the three-year probationary sentence. In that event, Othel will be subject to stringent conditions of probation if the Court adopts the Plea Agreement. As a penalty for his conduct, Othel, a lifelong responsible gunowner, is now a prohibited person. His home is subject to routine search and his actions dictated by a United States Probation Officer. Given Othel's age and current health, the next three years could represent a significant portion of the remaining years in Othel's life. The requested sentence is sufficient but not greater than

necessary when considering the totality of circumstances in this case. 18 U.S.C. § 3553(a)(2).

### E. The requested sentence would not constitute a disparity among similarly situated defendants.

Adopting the Plea Agreement would not create an unwanted sentencing disparity. Although the facts of Othel's case are strikingly similar to those in Kevin Moll's case, Mr. Moll received a lighter sentence than is contemplated by the parties in this case.

Kevin Moll was sentenced to two (2) years unsupervised probation after pleading guilty to the unlawful taking of a threatened species. MJ-22-65-M-KLD Kevin Moll, Missoula Division (Doc 20, Minute Entry, Doc 21, Judgment). Moll knowingly killed the grizzly bear by shooting it several times, then disposed of the body and cut off the ear tag and collar and secreting those items at another location in the creek. *Charlo man admits illegal killing of grizzly bear*, Department of Justice, Press Release (Dec.9, 2022), https://www.justice.gov/usao-mt/pr/charlo-man-admits-illegal-killing-grizzly-bear; *United States v. Kevin Moll*, MJ-22-65-M-KLD, Missoula Division (Doc 20, Minute Entry, Doc 21, Judgment).

Defendant Dan Calvert Wallen was convicted of killing three grizzly bears outside of his home in 2015 and received a sentence of sixty days in

DEFENDANT'S SENTENCING MEMORANDUM

10

prerelease and three years of probation after a bench trial. (CR-15-11-DLC-1, Doc 27). On appeal Mr. Wallen's conviction was later reversed and remanded by the Ninth Circuit due to a finding that an improper self-defense standard was considered by the Court. (Court of Appeals Case No. 16-30033). After remand, the Government ultimately moved to dismiss the Information without prejudice (CR-15-11-DLC-1, Doc 75). The motion was granted and no action has been taken in this case since February 10, 2021.

Based on this information, Othel's requested sentence would not result in a disparity.

## IV. Conclusion

Based on the foregoing arguments, Othel respectfully requests that the Court adopt the Plea Agreement and impose a sentence of three-years of probation, and a fine of $8,000.00. The stipulated fine of $8,000.00 is within the permissible guidelines range, and is also supported by statute. See USSG §5E1.2(c)(3); 18 U.S.C. § 3571(b).

Dated this 22nd day of May, 2024.

TIPP COBURN LOCKWOOD PC

/s/ *Sarah M. Lockwood*
Sarah M. Lockwood
*Attorney for Othel Lee Pearson*

DEFENDANT'S SENTENCING MEMORANDUM

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on this 22nd day of May, 2024, a copy of the foregoing document was served on the following persons by the following means:

<u>1</u>        CM/ECF

Randy Tanner, Esq.
Assistant U.S. Attorney

<u>2</u>        CM/ECF

Clerk of Court
U.S. District Court

                  TIPP COBURN LOCKWOOD PC

                  /s/ *Sarah M. Lockwood*
                  Sarah Lockwood